1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GARY DALE BARGER,                        No.  2:15-cv-0093-EFB P

12                    Petitioner,

13        v.                                   ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14    CDCR,

15                    Respondent.

16

17          Petitioner is a state prisoner without counsel seeking a writ of mandamus pursuant to 28

18    U.S.C. §§ 1361, 1651.[1]  He asks that CDCR officials cease medicating him with Risperdal and

19    that they provide him with access to his medical and prison records.  ECF No. 1.

20          Federal courts offer two main avenues to relief on complaints related to one's

21    imprisonment – a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights

22    complaint pursuant to 42 U.S.C. § 1983.  Challenges to the validity of one's confinement or the

23    duration of one's confinement are properly brought in a habeas action, whereas requests for relief

24    turning on the circumstances of one's confinement are properly brought in a § 1983 action.

25    *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500

26    (1973)).

27    _____

28          [1] Petitioner seeks leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915.  Examination
      of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit.

1   Petitioner has not filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 or a civil

2   rights complaint pursuant to 42 U.S.C. § 1983.  Rather, he seeks a writ of mandamus.   Federal

3   district courts are not authorized to issue writs of mandamus to direct state courts, state judicial

4   officers, or other state officials in the performance of their duties.  *See Demos v. U.S. District*

5   *Court*, 925 F.2d 1160, 1161 (9th Cir. 1991) ("We further note that this court lacks jurisdiction to

6   issue a writ of mandamus to a state court."); *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir.

7   1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or

8   their judicial officers in the performance of their duties[.]"); *see also Newton v. Poindexter*, 578

9   F. Supp. 277, 279 (C.D. Cal. 1984) (§ 1361 has no application to state officers or employees).

10   Therefore, the court cannot afford petitioner the relief he requests and his application for a writ of

11   mandamus must be denied.

12   Accordingly, it is ORDERED that:

13   1. Petitioner's request for leave to proceed in forma pauperis is granted.

14   2. The Clerk of the Court is directed to randomly assign a United States District Judge to

15   this action.

16   Further, it is hereby RECOMMENDED that the petition for a writ of mandamus be

17   dismissed for lack of jurisdiction, without prejudice to filing a complaint in a new civil action.

18   These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20   after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

23   shall be served and filed within fourteen days after service of the objections.  Failure to file

24   objections within the specified time may waive the right to appeal the District Court's order.

25   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

26   1991).

27   DATED:  March 11, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

28

2